UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 23-33848 |
| **BLACK STONE INVESTMENT GROUP,** | § § | |
| | § | **CHAPTER 11** |
| DEBTOR. | § § | |

**U.S. TRUSTEE'S EXPEDITED MOTION TO CONVERT CASE TO CHAPTER 7**

[*Hearing Requested on March 1, 2024, at 1:30 p.m.*]

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

   Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), moves for an order converting this case, pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the U.S. Trustee respectfully states as follows:

**SUMMARY OF ARGUMENT**

   1. On January 26, 2024, this Court held a hearing to consider Black Stone Investment Group's (the "Debtor") motion to continue a hearing on confirmation of its proposed subchapter

V plan. The Court denied the continuance, and after learning that the Debtor was using cash collateral without authorization, terminated any continued use of cash collateral without further order of the Court. Additionally, counsel to the U.S. Trustee and Sylvia Mayer, in her capacity as Subchapter V Trustee, each represented to the Court that they received documents from an individual purporting to speak on behalf of the Debtor, despite at the time being represented by counsel, that indicated the Debtor did not support confirmation of its plan.

2.  On February 1, 2024, the Court denied confirmation of the Debtor's plan and counsel to the Debtor stated that it intended to withdraw from its representation of the Debtor. Consistent with this representation, the Debtor's counsel filed a motion to withdraw, and, on February 13, 2024, such motion was granted.[1]

## JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

3.  The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1409.

4.  Kevin M. Epstein is the duly appointed United States Trustee for Region 7, which includes the Southern District of Texas.

5.  Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear, and be heard on any issue in a case or proceeding under 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

---

[1] In the event the Debtor is unable to obtain substitute counsel, and in accordance with this Court's local rules, the U.S. Trustee requests that the Court dismiss the Debtor's case with prejudice to refiling for 180 days. *See* Bankruptcy Local Rule 1002-1(a) ("[c]orporate or partnership parties must be represented by counsel at all times"); *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel.").

6. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code. Specifically, the U.S. Trustee is charged with several supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

## PROCEDURAL AND FACTUAL BACKGROUND

**A.  General Background**

7. On October 2, 2023, the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

8. On October 3, 2023, the Court entered its Initial Order in Subchapter V Case that, among other things, prohibited the Debtor from using cash collateral absent consent or authorization by the Court and required the Debtor to timely file all monthly operating reports. [ECF No. 2].

9. On November 6, 2023, counsel for the U.S. Trustee commenced the initial meeting of creditors, which was continued to November 14, 2023.

10. On November 8, 2023, the Court entered its Order Chapter 11 Status Conference, which required the Debtor to file any necessary motions, including for use of cash collateral. [ECF No. 34].

11. On November 14, 2023, counsel for the U.S. Trustee commenced and concluded the continued meeting of creditors. The Debtor's representatives, Shylonda Sampson and Ann Banda, appeared and testified at both meetings of creditors.

B.    **The Monthly Operating Reports**

12.    On January 23, 2024, the Debtor untimely filed two monthly operating reports. [ECF Nos. 55, 56]. The reports appear to cover portions of November and December 2023 and January 2024. The Debtor did not file a report for October 2023.

13.    The Debtor reported disbursements of $9,203.24 through December 20, 2023, and $8,104.87 through January 20, 2024.

14.    At the January 26 hearing, one of the Debtor's secured creditors, Bellum Civile, LLC, admitted evidence that established it possessed a lien on the Debtor's cash collateral. [ECF No. 57-7]. Based on such evidence, the Court terminated the Debtor's use of cash collateral until further order by the Court.

15.    As of the filing of this Motion, the Debtor has not obtained authority to use cash collateral and failed to comply with this Court's prior orders prohibiting the unauthorized use of cash collateral during the pendency of this case.

16.    The unauthorized use of cash collateral coupled with the Debtor's failure to comply with the Court's orders each constitute "cause" pursuant to 11 U.S.C. § 1112(b)(4)(D) and (E). Accordingly, this case should be converted.

C.    **The Debtor's Direct Communications to the U.S. Trustee and Subchapter V Trustee**

17.    On January 8, 2024, the undersigned counsel received a chain of emails from [texasblackstone@gmail.com](mailto:texasblackstone@gmail.com). *See* Emails dated January 8, 2024, attached as Exhibit 1. The recipients of the emails were the Debtor's former counsel, William Haddock, the Subchapter V Trustee, the sole owner of the Debtor, Ann Banda, and Shylonda Sampson (collectively, the "Email Recipients"). It is not known from whom the emails were sent. The original email states "**For the Record Debtors Official Notification Plan Not Confirmed -Debtor Does Not Consent-Debtor Request to Amend**[.]" (emphasis in original).

4

18.     On January 10, 2024, the undersigned counsel received a separate chain of emails from texasblackstone@gmail.com. *See* Emails dated January 10, 2024, attached as Exhibit 2. Again, the messages were sent to the Email Recipients and were unsigned by an individual. The January 10 emails appear to demand, among other things, that the "Trustee" assist with the Debtor's tax returns and "Debtor's Bond of Indemnitor" and enforce the automatic stay.

19.     The Debtor's direct communications with parties in this case is irrational and confusing. Though the Debtor filed its plan of reorganization on January 2, 2024, six days later some individual purporting to speak for the Debtor sent messages to the Email Recipients stating that the Debtor did not support the plan. Further, the same "person" appears to demand that the trustee (though it is not clear if the demand is directed at the U.S. Trustee or the Subchapter V Trustee) take actions for which there is no authority.

20.     The Debtor's lack of management demonstrates "cause" under 11 U.S.C. § 1112(b)(1), and this case should be converted.

## IV.  ARGUMENT

**A.     Legal Framework**

21.     If a movant establishes "cause" under section 1112(b)(1), the Court must dismiss or convert the case, whichever is in the best interests of creditors and the estate, unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

22.     Section 1112(b)(4) includes a non-exhaustive list of "causes" to dismiss including:

(D)     unauthorized use of cash collateral substantially harmful to 1 or more creditors; [and]

(E)     failure to comply with an order of the court; . . . .

11 U.S.C. § 1112(b)(4)(D), (E).

**B.    The Debtor's Unauthorized Use of Cash Collateral and Failure to Comply with the Court's Orders Warrant Conversion.**

23.    Presently, the Debtor has no authority to use its income to cover its operating expenses. And, at least until the Court immediately terminated such use on January 26, the Debtor utilized cash collateral without creditor consent or the Court's permission.

24.    Simply put, without authority to utilize cash collateral, the Debtor has no reasonable prospect of reorganization. This case should be converted and a chapter 7 trustee appointed to oversee the Debtor's liquidation.

## EXPEDITED RELIEF REQUESTED

25.    The Debtor cannot operate without use of cash collateral, and it continues to accrue operating and professional expenses. Accordingly, it is in the best interest of the estate and creditors for the Court to consider this Motion on an expedited basis.

26.    A hearing to consider Bellum Civile, LLC's motion to convert is currently set for March 1, 2024, at 1:30 p.m. (CST). The facts and issues relevant to that hearing largely overlap with the relief requested in this Motion. Accordingly, the U.S. Trustee requests that the Court set a hearing on this Motion for the same date and time.

## PRAYER

WHEREFORE, cause exists to convert this case pursuant to 11 U.S.C. § 1112(b), and the Court should convert this case.

Date: February 16, 2024 　　　　　　　　Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Alicia L. Barcomb*
　　Alicia L. Barcomb, Trial Attorney
　　Tex. Bar No. 24106276/Fed. ID No. 3456397
　　515 Rusk, Suite 3516
　　Houston, Texas 77002
　　(713) 718-4661 – Telephone
　　(713) 718-4670 – Fax
　　Email: Alicia.barcomb@usdoj.gov

## CERTIFICATE OF SERVICE

　　I certify that on February 16, 2024 a copy of the foregoing *Expedited Motion to Convert Case to Chapter 7* was served on the parties listed in the attached service list by ECF transmission or BNC Noticing via United States Mail, first class, postage prepaid.

　　　　　　　　　　　　　　　　　　By: */s/ Alicia L. Barcomb*
　　　　　　　　　　　　　　　　　　　　Alicia L. Barcomb