IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-33848 |
| BLACK STONE INVESTMENT | § | CHAPTER 11 |
| GROUP, LLC | § | |

**BELLUM CIVILE, LLC'S EXPEDITED
MOTION FOR SANCTIONS AGAINST DEBTOR**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

# MOVANT SEEKS EXPEDITED RELIEF. THE COURT COULD CONSIDER THIS MOTION BEFORE EXPIRATION OF TWENTY-ONE (21) DAYS.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW **BELLUM CIVILE, LLC** ("Bellum Civile" or "Creditor"), and pursuant to Fed. R . Bankr. P. 9011, moves the Court for sanctions against Debtor Blackstone Investment Group, LLC and Debtor's counsel, Jack N. Fuerst, and, in support hereof, respectfully states as follows:

**BELLUM CIVILE REQUESTS THAT THE COURT SET A HEARING ON THIS MOTION ON MAY 15, 2024, AT THE SAME TIME AS THE HEARINGS ON OTHER PENDING MOTIONS IN THIS MATTER.** Bellum Civile has complied with all

1

prerequisites, and Bellum Civile served on Debtor and its counsel a safe harbor letter as required by the Rules. Bellum Civile files this Motion only after the expiration of the twenty-one (21) day deadline. Debtor and its counsel entirely ignored Bellum Civile's safe harbor letter. *See Ex. A.*

## BACKGROUND

1. Bellum Civile is the owner and holder of three mortgages secured by Property of the bankruptcy estate.[1] True and correct copies of the respective loan documents are attached to Bellum Civile's Proofs of Claim and are incorporated by reference herein. All mortgages matured, and Debtor owes the respective total secured debts to Bellum Civile. Rather than complying with its obligations under the mortgages or otherwise letting the Properties go to foreclosure in an effort to satisfy the secured debts, Debtor utilized multiple delay tactics in an unscrupulous effort to avoid its obligations on the underlying Notes and prejudice Bellum Civile. This bankruptcy proceeding is no different because Debtor filed this case on the eve of Bellum Civile's scheduled foreclosure of two properties at nearly 10 p.m. the night before October 3, 2023 foreclosure sale without effective notice to Bellum Civile which led to Bellum Civile conducting the foreclosure sales and being forced to rescind same.

2. It is abundantly clear that Debtor filed this bankruptcy proceeding in bad faith and for the sole purpose of prejudicing Bellum Civile. In fact, Debtor filed this case while facing discovery sanctions in state court following Debtor's refusal to produce documents as ordered by the state court. Debtor continues to string Bellum Civile along while forcing it to incur reasonable and necessary attorneys' fees in its defense.

3. Debtor never had a true intent of reorganizing its debts. Before conversion to Chapter 7, Debtor repeatedly failed to comply with its obligations as a Debtor in Possession,

---

[1] Bellum Civile also filed a Proof of Claim relating to the real property located at 1702 Willow Mill, Missouri City, Texas (Claim No. 8). On January 3, 2023, Bellum Civile foreclosed its lien and acquired title to the Property with its credit bid. Bellum Civile's claim relates to the remaining deficiency in the amount of $10,716.52.

meanwhile enjoying the benefits of the automatic stay that is prejudicial to its creditors. Debtor inexcusably used cash collateral for months without any Court approval, failed to timely file accurate Monthly Operating Reports, admittedly failed to disclose numerous creditors, and proposed a patently unconfirmable Plan. Even the two out of three required Operating Reports Debtor filed are wrought with errors and clearly failed to show a true picture of the Debtor's income and expenses for the months of November and December, 2023.

4. On the eve of Confirmation of Debtor's proposed Chapter 11 Plan, Debtor filed its first Motion to Dismiss at Docket No. 67. After holding an evidentiary hearing on Debtor's first Motion to Dismiss, the Court converted this case to Chapter 7.

5. On March 18, 2024, the Court entered the Order Converting Chapter 11 Case to Chapter 7 and declined to dismiss this case. *See* Docket No. 101. On April 10, 2024, less than *one month* later, Debtor filed yet another Motion to Dismiss at Docket No. 118. Debtor's Motion to Dismiss is Debtor's unwarranted and a frivolous second bite at the apple. The Motion serves no other purpose than to needlessly cause Bellum Civil, the Chapter 7 Trustee, and other creditors to needlessly incur necessary and reasonable attorneys' fees in an effort to respond and defend Debtor's purely frivolous Motion. There is no basis in law, fact, or equity for Debtor's Motion. Bellum Civile hereby requests the Court sanction Debtor and its counsel pursuant to Fed. R. Bankr. P. 9011 for the reasons stated herein.

## ARGUMENT & AUTHORITIES

6. The Court should deny Debtor's latest Motion to Dismiss, and Bellum Civile requests that the Court find that Debtor's Motion violates Rule 9011 and that Bellum Civile is entitled to attorneys' fees, costs, and expenses incurred in opposing the Motion jointly and

severally from Debtor, Debtor's counsel, and Debtor's counsel's law firm. Rule 9011(b) states, in relevant part:

> By presenting to the court a pleading, written motion, or other paper, a . . . party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

Fed. R. Bankr. P. 9011.

Rule 9011(c)(2) states: If warranted, the court may enter an order "directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Rule 9011(c)(3) states that the court "shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."

## RELIEF REQUESTED

(a)     Based upon the frivolous and unsubstantiated Motion to Dismiss, Bellum Civile requests that this Court (i) find that Debtor and its counsel violated Rule 9011(b) and (ii) impose an appropriate sanction on Debtor, its attorney, and its attorney's law firm.

(b)     Bellum Civile requests that the Court award them their reasonable expenses, including attorney's fees, incurred for this motion.

(c)     Bellum Civile requests that this Court order Debtor, its principals and authorized agents, and its attorney and attorney's law firm to furnish security for Bellum Civile's benefit to assure payment of reasonable expense to Bellum Civile including, but not limited to, attorneys' fees and costs.

4

(d)     Bellum Civile requests that this Court deny with prejudice Debtor's purely frivolous, unsubstantiated Motion to Dismiss.

(e)     Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, Bellum Civile further requests that Debtor, Debtor's counsel, and Debtor's attorney's law firm be additionally sanctioned in a manner deemed appropriate by this Court to deter future wrongful conduct.

(f)     Bellum Civile incorporates herein by reference the arguments set forth in the Trustee's Response and Objection to Debtor's Motion to Dismiss and Bellum Civile's Response to Debtor's Motion to Dismiss.

## **CONCLUSION**

WHEREFORE, Bellum Civile respectfully request that the Court (i) deny Debtor's Motion to Dismiss with prejudice; (ii) award Bellum Civile reasonable and necessary attorneys' fees and costs payable jointly and severally by Debtor, Debtor's counsel, and Debtor's counsel's law firm in an amount to be determined by the Court upon resolution of Debtor's Motion to Dismiss and this Motion for Sanctions; (iii) impose additional sanctions in a manner as deemed appropriate by this Court; and (iv) award Bellum Civile such other and further relief at law, and in equity, as is just.

Respectfully submitted,

  //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com
Annarose M. Harding
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
GALLOWAY JOHNSON TOMPKINS
  BURR & SMITH, A PLC
1301 McKinney, Suite 1400

Houston, Texas 77010  
(713) 599-0700 (Telephone)  
(713) 599-0777 (Facsimile)  
**ATTORNEYS FOR CREDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered via Electronic Filing to the following on May 9, 2024.

**VIA CM/ECF**
JACK N. FUERST
2500 TANGLEWILDE ST., STE. 320
HOUSTON, TEXAS 77063
**DEBTOR'S COUNSEL**

**VIA CM/ECF**
MIRIAM GOOTT
WALKER & PATTERSON, P.C.
P.O. BOX 61301
HOUSTON, TEXAS 77208
**COUNSEL FOR CHAPTER 7 TRUSTEE**

**VIA CM/ECF**
US TRUSTEE
515 RUSK AVE. SUITE 3516
HOUSTON, TEXAS 77002                    //s// Branch M. Sheppard
                                        Branch M. Sheppard